UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON WILLIAMS**     **CIVIL ACTION**

**VERSUS**     **NO. 10-2757**

**KYLE WILSON, ET AL.**     **SECTION "K"(5)**

## ORDER AND REASONS

Before the Court is a Motion for Entry of Default Judgment (Doc. 49) filed by plaintiff Byron Williams as to defendant Kyle Wilson. Mr. Wilson was allegedly the "driver" of the Boston Whaler owned and operated by defendant Swift Spill Separator, L.L.C. It is alleged that FJN Contractors, L.L.C. was Mr. Williams' Jones Act Employer. It was as a result of the alleged negligence of Swiftships Shipbuilders, Inc. and the unseaworthiness of the Boston Whaler that plaintiff maintains he was injured.

Kyle Wilson was served with the Complaint on May 21, 2011 by leaving same at his abode at 1917 Nicholas Street, Lake Charles, Louisiana 70605. Mr. Wilson has not answered and on July 18, 2011, the Court ordered plaintiff to show cause on or before August 18, 2011 why the claims and demands against Mr. Wilson should not be dismissed for plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b).

In response, plaintiff filed the instant motion and noticed it for hearing. Swift Spill Separator, L.L.C. opposed the motion based on the position that under the fellow servant doctrine as recognized under the maritime law, no claim lies against Mr. Wilson personally. All of his alleged negligence would be imputed to his employer. Plaintiff has responded that Swift Spill has no standing to oppose the motion.

The Court has reviewed the pleadings, memoranda and the relevant law. It is clear that generally under the maritime law an injured seaman has no right of action to recover damages sustained because of the negligence of his employer, the master, or fellow crewmen, other than an action against his employer for maintenance and cure. *Kennedy v. Gulf Crews, Inc.*, 750 F. Supp. 214 (W.D. La. 1990). However, it is unclear from the pleadings what the relationship is between plaintiff Williams, FJN, his alleged Jones Act employer and Swift Spill Separator, the owner of the vessel and the employer of Mr. Wilson.

What is clear is that no answer or appearance has been made on behalf of Mr. Wilson. In addition, it is equally clear is that the case law presented by plaintiff for the proposition that a cause of action lies against Mr. Wilson is absolutely without merit. *Soto v. McLean*, 20 F. Supp. 2d 901 (E.D. N.C. 1998) deals with the Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act–nary a boat in the case. No relevant law has been cited by plaintiff, and as such the Court finds that at this time, it would be inappropriate to enter a default judgment against an individual against whom it is unclear whether a cause of action lies. Accordingly,

**IT IS ORDERED** that the Motion for Entry of Default Judgment (Doc. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the Case Manager shall proceed and set this matter for trial.

New Orleans, Louisiana, this 14th day of September, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE