**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BYRON WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2757** |
| **KYLE WILSON, ET AL.** | **SECTION "K"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Swiftships Shipbuilders, L.L.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 60). Swiftships Shipbuilders, L.L.C. ("Swiftships") seeks the entry of an order dismissing all claims in this litigation against Kyle Wilson because he was served on May 21, 2011, well in excess of the 120 day window given under Fed. R. Civ. P. 4(m).

This Jones Act suit was filed on July 16, 2010. Summons was issued to Kyle Wilson on August 18, 2010. On March 16, 2011, the Court ordered plaintiff to show cause on or before April 18, 2011 why Kyle Wilson should not be dismissed for plaintiff's failure to serve him as required under Fed. R. Civ. P. 4(m). (Doc. 29). On April 11, 2011, counsel for plaintiff explained that she did not have an address for Mr. Wilson and that they were still in the process of attempting service. (Doc. 29). Based on that representation, the Court did not take any action.

On May 31, 2011, an executed summons was returned showing that Kyle Wilson had been served on May 21, 2011, with an answer due on June 13, 2011. (Doc. 42). With no answer filed, the Court then placed this matter again on a call docket on July 18, 2011 to show cause why claims against Mr. Wilson should not be dismissed for plaintiff's failure to prosecute.

A Motion for Entry of Default was filed by plaintiff on August 4, 2011, (Doc. 49) and denied on September 14, 2011. (Doc. 57).  The Court in so ruling recognized that generally under the maritime law an injured seaman has no right of action to recover damages sustained because of the negligence of his employer, the master or fellow crewmen, other than an action against his employer for maintenance and cure.  *Kennedy v. Gulf Crew, Inc.,* 750 F. Supp. 214 (W.D.La. 1990).  However, because it was unclear from the pleadings what the relationship was between plaintiff, FNJ Contractors, L.L.C., plaintiff's alleged Jones act employer, and Swift Spill Separator, the owner of the vessel and the employer of Mr. Wilson, the Court did not dismiss the claim and ordered the case to proceed.

Now, Swiftships seeks dismissal based on Rule 4(m) and plaintiff's failure to serve within 120 days.  This motion is without merit.  To begin, the Court implicitly granted plaintiff additional time to serve Kyle Wilson after plaintiff had shown good cause for the delay after the first call docket which is contemplated by the rule.  In addition, under Rule 4(m) dismissal would be without prejudice as this rule does not provide for dismissal with prejudice.  Wright & Miller, 4B Federal Practice and Procedure §1137 (2011 Supplement at 74).  As such, it appears to be a futile exercise.  Accordingly,

**IT IS ORDERED** that  Defendant Swiftships Shipbuilders, L.L.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m)  (Doc. 60) is **DENIED**.

New Orleans, Louisiana, this   13th   day of April, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**